Caldwell, J.
The declaration charges the defendant with forcibly seizing upon, and appropriating to his own use, certain personal property belonging to the plaintiff; viz : one wagon, eight tons of hay, and six acres of corn standing on the ground. Tho defendant plead the general issue, and also two special pleas, the substance of which two special pleas is the same, namely, that so far as the wagon, in the declaration mentioned, is concerned, that he, defendant, levied upon it, and sold it, as a constable of Brooklyn township, Cuyahoga county, by virtue of an execution issued by Benjamin Sawtell, a justice of the peace of said township, on a judgment rendered by said justice, in favor of one William J. Case, against Lyon, the plaintiff; that an execution had been previously issued on 'this judgment, and returned ‘ no goods of the judgment debtor, in Brooklyn township,’ with a suggestion that he had personal property in Parma township ; and that thereupon an execution was issued to any constable of Brooklyn or Parma townships, which execution was placed in defendant’s hands, by virtue of which he levied upon and sold the wagon, and applied the proceeds on the judgment. To these pleas there was a general demurrer. The court of common pleas overruled the demurrer, and gave judgment for the defendant. And the only question raised in the case is as to the sufficiency of these pleas. It is said that the special pleas do not answer the whole declaration. This is only true of the. first plea; the second plea, after answering ^specially as to the wagon, traverses generally tho trespass to the other property mentioned in the declaration. The demurrer being general to both pleas, it is sufficient if either be good. The next objection is that there is no proper conclusion to tho pleas. The second special plea, in place of the verification or *89 averment, has simply the term ‘ etc.’ The plea is clearly defective, wanting a proper conclusion, but the defect, being merely of form, can only be taken advantage of by special demurrer. See Swan’s Stat. 687, sec. 5. Another objection urged against the special pleas is, that the writ of execution, under which the defendant justifies, is directed to any constable of Brooklyn or Parma townships. It is said that the justice should have confined the process to any constable in one or other of' the townships; but that he could not give it the double direction, to any constable of either township, and that, being so directed, it was therefore void. The section of the statute making provision for a case such as the present, provides (Swan’s Stat. 522, sec. 91) : “ When the constable shall make return) that sufficient goods and chattels can not be found in the township where the justice resides, who issued the execution, and it shall be suggested to the justice, that the party against whom the same issued, has goods and chattels within any other township in the same .county, it shall be lawful for the justice to issue execution to any constable of the township in which the justice resides, or of the township where such goods and chattels may be found,” etc.
Now we suppose that the direction of the statute, when strictly applied, is that the process shall be directed to the officers of one or the other of the townships. The defendant, however, who was a constable of Brooklyn township, was one of the persons to whom, in contemplation of the statute, the process might be directed. He was embraced within its direction, it came into his hands, he executed it, and the object of the law and the requisitions of the process were fully complied with, and the execution, we think, was as valid as if directed to him alone. The defect in the writ (if such it could be ^called) was merely formal, which will never be allowed to render process void. We see no error, whatever, in the proceedings of the court of common pleas.
The judgment will therefore be affirmed.